May it please the court, Laura Leavitt for Mr. Ortega-Calderon. The issue in this case concerns the reliability of two uncertified, non-Shepherd approved documents used to prove the fact of a 2003 California conviction for assault with a deadly weapon used for applying the 12 level crime of violence enhancement in guideline section 2L1.2. The documents at issue here were provided by the probation office and the government relied upon them to meet its burden of proving the enhancement by sufficient and reliable evidence. Those documents were a 20 page unsigned, uncertified computer printout of information concerning the 2003 conviction and a unsigned document entitled disposition of arrest and court action which also had some of that information. However, there is no trustworthy information about where these documents actually came from other than the probation officer. Your client does, we do not have at issue either a, whether your client committed a crime in California or b, whether it is a crime of violence, correct? We don't have an issue of whether it is a crime of violence if the court finds that the documents at issue here are reliable but we do have an issue if the documents aren't reliable whether that conviction actually exists. But your client doesn't deny that he was convicted of something in California in 2002? He didn't deny or affirm that conviction and it's important that a denial of the prior conviction is not a requirement to require the government to meet its initial burden of providing reliable evidence for the district court to consider in the first instance. And so there are kind of two parts. Well, I'm not trying to get you, this wasn't a trick question, I was just trying to focus the issues but go on, go on with whatever you want to do. Okay, so our real issue is are these documents reliable enough for the court to have found, to have relied on them to believe the contents of those documents and to believe that indeed a conviction did exist in this case for my client? We're arguing that no, these documents are not reliable because we don't know where they came from, we don't know who prepared them, and we don't know how they're used. That's a good question. This is clearly not a situation where you're trying to use Shepard-type documents to establish the elements of a crime so you can figure out through the categorical approach if it's an appropriate enhanced case or not. This is more, it seems, of an evidentiary-type standard. So are you trying to hold the district court to the same kind of standard in terms of the quality of the documents that we would do with a Shepard analysis? Not with a Shepard analysis. I recognize the court in Neri Hernandez said that non-Shepard approved documents may be sufficient to prove the fact of a prior conviction. And although the rules of evidence don't apply necessarily at sentencing, the documents and evidence at sentencing to prove a prior conviction, to prove an enhancement, have to still be sufficiently reliable according to the guidelines. And that's a basic evidentiary foundation that first must be laid before the document can even come into the proceedings, before the court can consider it as probably, as reliable enough that to believe its contents are probably accurate. We're at the very initial stage of whether there is a document before the court that's reliable enough for it to go further and consider the information in it. And we're saying that Neri Hernandez set the legal framework, and it really is the only type of document, when it's not a Shepard approved document, and when it's not certified as to its provenance, where it came from, who prepared it, what kind of document can survive scrutiny to be reliable enough? And Neri Hernandez says that as long as we know where it came from and who prepared it, and how it is used in the court system, if it's used to record a conviction in the first instance. And we do know, and so I want to get to the documents themselves, we don't know with the requisite reliability where these documents came from. We can suspect that the 20 page computer generated document came from the title at the front which says Superior Court of California, but we don't know, it's possible, but we'd have to speculate about if it indeed came from that court, and it was actually entered into their database by a court clerk and used for that court. Suppose this were a case of someone using fraudulent identities and the fellow had been charged with so and so, but the pre-sentence report said, and we found during research, we found 12 more fraudulent social security cards and they produced facsimiles or actual cards that had that curly old-fashioned writing on them and a number, and these were found with the fellow's name and he using 12 different social security numbers. How would your argument differ in that case from what you're saying here? This is an argument with broad ramifications, it seems to me, for proof in sentencing cases. I think this case is limited to how reliable prior conviction documents, how reliable are documents that purport to be conviction documents. Why? And to answer your question, I think the question you're asking about is much more factual about the information in the PSR and whether you're trying to prove that the PSR is wrong by other documents or prove that the PSR facts are correct with other documents, but the fact of a conviction is different. This court in Floyd in 2003, case cited in the party's briefs, said that unsworn statements if challenged, unsworn statements in a PSR about a prior conviction if challenged do not provide a sufficient evidential basis and there must be extrinsic evidence to show that prior conviction exists. Well, we've got extrinsic evidence here. It's some computer printout that was... And Neri Hernandez says that when you have a document that's been challenged that's trying to be used to prove the prior conviction, it has to be sufficiently reliable. That is, we need to know the document in which the information is housed is one that was prepared by the court of conviction by a court official, a court clerk, and is actually used by the court to record that conviction. So, for example... Why? Go ahead. I'm sorry. Why? What requires proof that it's a document as opposed to a printout of the court docket? Because if we know the court docket is prepared, it originates from the court of conviction, and we know that it was authorized, that information was put in by a court official, and we know it's put in there for the specific reason of recording this data for court records, then okay. But if we don't know where the document came from, even if it looks like it did, if there's nothing to have been, if there's been no foundation laid by the probation officer in court saying, I got this from the Superior Court of California, this particular Superior Court, the Superior Court that actually heard this case, and the clerk of the court was authorized by statute or by court rules to input that information, and we actually rely on it, and we send it out to other people as evidence of the fact of this prior conviction, but we don't have any information about this. And that California courts are pretty strict about the information that they use, that they share with the courts and police officers and probation officers. Well, your argument's not limited to California, and it seems to me in the nature of it, it is simply not limited to court documents, and if anything, a printout that looks like a court record that's 20 pages long has more indicia of reliability than the 20 Social Security documents that I mentioned to you. But I think that that's mixing apples and oranges, because the fact of a prior conviction is a fact that is used to enhance a person's offense level, and it's, it's, it's not... Well, of course it is, and in fraud cases, sometimes it has to do with the, the amount of, you know, whether the judge is going to issue a variance or a departure. Maybe the better distinction to make is that what I'm talking about is a legal question versus a purely factual question. Well, the legal question, I'm, I mean, this is, I'm just having a hard time apprehending how we would decide this case in the way that you want, want it decided without casting considerable doubt on the whole idea that sentencing is not run according to the rules of evidence. I think Neri Hernandez sets the stage for that, and it says that preparation, origin preparation, and use are important, and as long as the probation officer verifies where the probation officer got the document, and there is a signature of some kind on it, or a letter from the clerk saying this is from our database, which isn't the norm in, in, in our court system. It's not unusual for that to be the procedure. As a matter of fact, very rarely are these facts of conviction challenged, because often the defense counsel gets the required, reliable documentation. It just had, all the cases that have been cited in the briefing have either, the documents have either been certified, so we know where they came from and who prepared them, or they're abstracts of judgments from California, for example, where we know that that is a commitment order, and it gives authority for state officials to implement the judgment and sentence. In Neri Hernandez, it was a New York certificate of disposition. It was certified in that case, so provenance wasn't an issue, but state law said, we consider this to be presumptive evidence of a conviction. Neri Hernandez was a, was a, a Shepard case. It was challenged as. It was a crime of violence, what were the elements of the offense for purposes of, right? But it, I apologize, Your Honor, but it, it did look with approval to the Tenth Circuit's case in Zuniga-Chavez, which was a fact of conviction case, and that set the stage for analyzing why the court could consider the New York disposition, certificate of disposition reliable, though it wasn't a Shepard approved document. Can I ask a question? Because again, the Shepard context is very different, and obviously should be very specific. But when we're talking about sentencing, there's a great deal of case authority on how that's of reliability. Of course, obviously we can't take that too far to the point where it violates due process, but with the presumption of, of, of reliability, then the cases are pretty clear that generally speaking that a defense counsel's objection alone is not enough to undermine the presumption of reliability. I don't recall from the record if there was any extraneous evidence or extrinsic evidence or proof offered by the defense counsel in connection with this PSR and those attachments at the sentencing, but why would the district court have to do anything if it's just based on objection of counsel, which the law is clear doesn't require, if the PSR is presumptively reliable, to do anything? Well, this court in Floyd did say that if there is an objection to the adequacy of the PSR, that the unsworn statements in the PSR alone aren't sufficient in the face. Although that general rule is the court can rely on the PSR, that it's not, it's not always allowed to rely when there has been an objection. And in this case, not all objections will suffice, but this court knew what was going on. This court knew defense counsel was upset with these particular documents because defense counsel asked for a judgment and any other relevant documentation. And he knew he was looking at reliability and he actually said, I believe this is sufficient to show it exists, but we're saying, no, it's not because we don't even know where it came from. At a minimum, this court can rule, you at least have to show where the document came from. I mean, actually come forward and say, yes, I got this from the California Court of Conviction and it was entered by a court clerk. We don't even have that. You wouldn't have to open. While you have time, I understand I'm interrupting you, but I just want to be sure. So would you touch on the standard of review? I mean, it just seems to me that this is a finding of facts subject to the Clio-Leroni standard, but what do you say about that? I would say de novo, and it's a legal question about, is this document reliable? It becomes a factual question after if it is found reliable and you want to attack the facts in it as inaccurate or untrue. But whether those documents are accurate, there has to be some sort of legal standard set, and that's what we're talking about. The very initial step in the process of whether the court can even consider the document reliable in order to consider its information probably accurate. But I would say it's not even, if it's not that, it's not clear error. It would be abuse of discretion in the most analogous case. Did the court assess the quality of this evidence correctly? And it didn't here, because it didn't look to see where it came from, who prepared it, was it a court judicial, was it a judicial record of a conviction from the court of conviction? And that is what this court requires in Neri Hernandez. So you're saying that that would be an issue of law? It would be, the very fact of whether the documents are reliable, I'd say is a legal question. The conclusion is legal. Looking at what information has been provided to show it's reliable, is it reliable, is a legal conclusion. You get to the factual issue later when you're deciding whether the information in it is accurate. And I see that my time is up. You have time for rebuttal. Thank you. All right. Thank you. Okay, Ms. Bari. May it please the court, Loretta Bari for the United States. The district court correctly held that the United States met its burden of proof and established the existence of the prior California conviction by the preponderance of the evidence. Whether the conviction exists is a fact question, which this court reviews for clear air. Under Rodriguez and recently Mazaringo-Salazar, this court has consistently held that before the district court may impose a sentencing enhancement, the government must prove facts necessary to justify the enhancement, which are reviewed for clear air. So under the highly deferential lens of clear air, the district court correctly held that the documents were sufficiently reliable to support their probable accuracy and there was no rebuttal evidence. There's no requirement in Neri Hernandez that testimony as to the source of the documents be taken, that the documents be certified or signed, Shepard approved, or that they meet the evidentiary rules of admissibility at trial. The only requirement is that they have a sufficient indicia reliability to support their probable accuracy. In this case, there's three aspects about these two documents that support their probable accuracy. Where did they come from? There was no testimony about that, Your Honor. So were they attached to the PSR or what? Initially the computer printout, the 20 page computer printout was provided by the probation officer and then the defense counsel stated that they were insufficient to support the certificate, with the disposition of arrest in court action. Is that a standard? Is that a common practice in PSRs? Supplementing? Well, no, not supplementing, but just getting these printouts, unauthenticated printouts. I don't know if it is or not. There was no questions about that. Any question that I ask the probation officer would be off the record, of course. I don't know. There was no ... What colloquy occurred at sentencing about it? At record page 55, I just want to point out that the district court asked, was everything about to correct in your report and the defendant said, yes, it was. In the sentencing hearing, the defense counsel said that all they had was the computer printout. The probation officer then said, I believe I amended the report with the certificate of disposition and then defense counsel said nothing. Said nothing to rebut whether those documents were untrue, whether they were forged. There was no allegation of that. There was never a request for a hearing to be had on the source of the documents. The defendant never, defense counsel never disputed that the conviction existed. In fact, as I stated at record 55, affirms that everything in the PSR was correct. This is not the case of Floyd where the district court erroneously held that unsworn assertions of the probation officer established the existence of the conviction. This court held that was erroneous. Can I ask a quick question? Yes. Two things. I suppose maybe you would agree that this probably isn't the best practice to do it this way. I would ... Yes. Okay. Next time they should, if it arises, yes. Yeah. I mean, we're looking at reliability, and also that the U.S. attorney's offices ought to make sure that they don't put probation on the hook for making sure these documents are there and what they look like. There's not a disconnect because they really are responsible. Right. Absolutely. I think that when it becomes an issue, I don't know if in the Stobaugh case, I believe it was from the Eighth Circuit, what happened there is the conviction was old. I forget. I think it was a 1996 case, but I believe it was hard for them to obtain ... The records had been destroyed at that point. I know this was a 2003 case, but I'm not sure if it was difficult for the probation officer to obtain the actual document. Yes. If this issue arises in the future, we should be alerted to at least, if we cannot get the actual document, to at least perhaps ask the probation officer on the record, where did you obtain this? Did you obtain this from a clerk's office? Again, but the only requirement in Neri Hernandez that this court held, and in Zuniga Chavez out of the Tenth Circuit, is that it's a very low threshold. It just has to be a sufficient indicia of reliability to support its probable accuracy. Briefly touching on the independent reliability of the documents themselves, the 20-page computer printout is more detailed than some official documents. It's under the heading of Superior Court of California. In fact, Judge Crane noted that it was very detailed. It gave the style of the case, the case number, the date of the arrest, and for each date entry, the court event was noted, who was present in the courtroom, the judge, the court reporter. The defendant agreed this was correct. Why need we go further? I believe this was submitted as an Anders brief initially, and the question was posed, so I believe . . . Oh, I understand that, but I'm just saying as a matter of appellate review, the fact that the defendant agreed that the PSR was substantially correct, why doesn't that waive an objection here? Because it was after that fact that, after that, defense counsel stated that he just initially, as to whether . . . I agree, Your Honor. The defendant certainly, if he wasn't convicted of the offense, would have told the court, I didn't do this, this wasn't me, he should have, if that was the case, but he didn't. He admitted everything was correct, so I believe that in reality, it probably waives any type of objection. Did he have appointed counsel in the trial court or the public defender, do you know? I believe it was the public defender, yes it was, Your Honor. Courts have held that uncertified docket sheets, case summaries, are sufficient to establish the existence of a conviction. As to the disposition document, that's the second document that was considered in conjunction with this 20-page arrest, 20-page clerical printout, Judge Quain noted that it was the equivalent of a California abstract of judgment, which this court held in Moreno-Florian could be used for the limited purpose of establishing the existence of a conviction. Even in the Bredvik case, which you cited as a comparison, California courts use this document to establish the existence of a conviction. Now in that case, the issue was whether it qualified as an official record at trial, and the court there said no, it didn't, because it was a hearsay, it violated the hearsay rules. But as this court is aware, the sentencing rules are inapplicable, the evidentiary rules of such as hearsay are inadmissible at sentencing. Assuming they don't violate due process. Correct. We always have to keep that. Yes. Yes, Your Honor. Secondly, these documents together are internally consistent. They corroborate each other as to relevant facts, and in Neri Hernandez, that was important that the specific subsections were identified in both documents, they corroborate each other, the dates of arrest, information, and sentence. And finally, most importantly, Ortega presented no rebuttal evidence in trial court or on appeal. He never alleged the documents were forged, untrue, he never requested a hearing to determine the source, he never made the argument that the source needed to be identified. He never disputed the conviction. There's no ambiguity as to the identity of the offense or the date of adjudication. The existence of this California conviction is plausible on this record as a whole, given the detail of these two documents taken together and Ortega's wholly failure to rebut them. No definite firm conviction of a mistake by the district court exists. If there's no further questions, I respectfully request that the court affirm the judgment. That's fine. Thank you, ma'am. Ms. Leavitt. The affirmation that the government is referring to was exclusive of the objection in that case, in this case, and it's clear from the context of sentencing, the judge, neither the judge nor the government believed that Mr. Ortega Calderon had waived any objection. There is no indication that it was an intentional or knowing waiver of his objection. The court considered it fully and ruled on it. It is a preserved issue because of that. The court understood the issue to be whether the documents provided by the probation officer were reliable enough to establish the fact of conviction. Even if the review were for clear error, it's clearly erroneous to rely on a document that has not been shown to be reliable. And we're not asking the court to open the floodgates here and rule that rules of evidence apply. We're only asking that the bare indicia of reliability attached to those documents. And it's always been, it's usually done in the district courts. The government does have the burden, but they often rely on the probation officer. And actually, the probation officer usually gets it right. Here, for some reason, in this case, they did not. And as counsel for the government admits, there is no indication of where these documents came from. And although we can guess where they came from, we don't tolerate at sentencing. This court doesn't tolerate speculation at sentencing. And even though a disposition of arrest in court action has been used to show a prior conviction, and may be admissible to show a prior conviction, it is not a judicial record. And it has to be shown to have been the disposition form required by the California Penal Code to be input into the California Department of Justice database. So unless we know they even got this, the California Department of Justice, and then actually used it to comply with their statutory duty to create a master file. But now you're going way beyond Neri Hernandez, because what you're suggesting is that nothing less than a certified record will do. No, I'm just saying that there is more to the disposition of arrest in court action that's needed. But if you could show that disposition of arrest in court action were shown to have been used in this case, to come from the court of conviction, or somehow associated even with the court of conviction, by extrinsic evidence about these documents. Because the documents themselves aren't inherently reliable. There's nothing about them that shows with the requisite reliability for a district court to rely on. It'd be as if a doctor, I don't want to use examples, but I'm going to throw it out there anyway, but okay. What about Judge Crane's observation that the information is internally consistent, it's exceedingly detailed? Why would somebody fake a 20 page recitation of proceedings in California court? How could they even do it with any plausibility? But we don't know what that, if the database is from the California court. Well, in this issue, reliability does imply some level of common sense. Well, only if- If it was a page that had a seal of some county in California and said Ortega Calderon was convicted on such and such a date, I would agree with you. But this is far beyond that. If there were a seal on this, the case would be slightly harder. I mean a Xerox of a seal. No, no, but I mean even a Xerox, but we don't even have that here. We don't have, we just are asking that at least at a minimum, show where you got this document in order to, for the justice system to do what it does best to ensure that there is fundamental fairness. And when it's a prior conviction is challenged, the government has the burden to come forward with records and evidence. Particularly when it's a prior conviction, not associated with the facts, typically in a PSR about the actual offense of conviction. When it's used not only to increase the offense level, but to assign criminal history points, which it wasn't, there weren't criminal history points in this particular case. But it's not opening the floodgates, it's not putting an extra burden on the court. The government has the burden, the probation officer usually satisfies that burden in the correct way, it just didn't do here. In this particular case, limit it to the facts of this case and remand for correction. Thank you. Okay, thank you very much.